**Harbinder SINGH, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–74715.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 \*\*.

Filed Nov. 8, 2007.

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Harbinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on inconsistencies between Singh's passport entries from October 1990 and Singh's testimony regarding the timing of his persecution and his decision to leave India in November 1990. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's denial of CAT relief because Singh did not establish that it is more likely than not he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I concur in the conclusion that substantial evidence supports the IJ's denial of CAT relief. However, I respectfully dissent from the conclusion that substantial evidence supported the IJ's rejection of the petitioner's asylum claim based on an adverse credibility determination. Incon-

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

8

sistencies as to date, time, and manner of entry are incidental to an asylum claim and do not support an adverse credibility determination. *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999). The other inconsistencies cited by the IJ are either not supported by the record or are of minor import. *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988). The IJ's adverse credibility determination also rested on impermissible speculation and conjecture. *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000). I would grant the petition for review as to the asylum claim and remand to the BIA for further proceedings.