NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARBINDER SINGH, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-70418 Agency No. A072-681-352 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2017**
San Francisco, California

Before: BERZON and MURGUIA, Circuit Judges, and MCCALLA,*** District
Judge.

Harbinder Singh, a native and citizen of India, petitions for review of a 2014

Board of Immigration Appeals ("BIA") decision denying his motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon P. McCalla, United States District Judge for the
Western District of Tennessee, sitting by designation.

removal proceedings, in which he requested asylum, withholding of removal, and protection under the Convention Against Torture.

Singh illegally entered the United States in 1990 and applied for asylum in 1993 based on his Sikh religion and political support of the Shiromani Akali Dal Mann ("Mann") party. In 1999, an Immigration Judge (IJ) held a removal hearing and found that Singh was subject to removal because he was present in the United States without being admitted or paroled. During the removal hearing, Singh renewed his asylum application and sought withholding of removal and protection under the Convention Against Torture. In 2004, following a hearing, the IJ found Singh's testimony not credible and denied his applications for relief. The BIA affirmed the IJ's decision in 2005. In 2013, Singh filed a motion to reopen, arguing that changed country conditions and circumstances in India exempted his motion from the ninety-day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA denied Singh's motion to reopen in 2014.

A motion to reopen typically must be filed within ninety days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The motion may fall within an exception to the time limit if asylum or withholding of deportation is sought "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). To meet the exception, a petitioner must present evidence that is "material and was not

available and could not have been discovered or presented at the previous hearing" of changed country conditions or circumstances. 8 C.F.R. § 1003.2(c)(3)(ii).

We review the BIA decision to deny a motion to reopen for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

The news articles and U.S. State Department country report Singh attached in support of his motion to reopen do not clearly demonstrate materially changed country conditions. The articles and country report indicate that concerns regarding Sikh militancy and terrorist groups are present in Punjab, and that police have arrested individuals involved with Sikh militant groups and detained members of the Mann party. During the 2004 proceeding, the IJ found that Singh's allegations of support of the Mann party were not credible, and that, at most, Singh is a low-level supporter, not a member, of the organization. The documentary evidence does not show that targeting of low-level supporters of the Mann party has materially increased or qualitatively differs from conditions at the time of Singh's original asylum petition in 2004.

The BIA did not abuse its discretion in finding that the events described in Singh's personal statement and his brother and uncle's affidavits did not clearly demonstrate materially changed country conditions or circumstances. Singh points to two events that allegedly demonstrate increased harassment from the police between 2004 and 2013—(1) a police interaction with his brother in March 2013

3

and (2) recent questioning of his uncle by the police. Singh, his brother, and uncle allege that, in March 2013, Indian police detained and questioned his brother about Singh and asserted that Singh was sending money to Sikh militants from the United States. The police warned Singh's brother that if Singh did not stop his activities, Singh's brother would be denied an Indian visa. Singh's brother also alleges that the police threatened to kill Singh if they caught him. This event, while troubling, does not materially differ from Singh's alleged interactions with the police at the time of his previous hearing in 2004, wherein he stated that "he believes that police are looking for him according to distant relatives in his village" and "the police said that if they find him again they would arrest him or kill him." In his previous hearing, Singh similarly alleged that the police "claimed that he was a terrorist and that he was a traitor." Singh's evidence establishes only a continuation of prior allegations of police targeting in India.

Singh also alleges that the police have recently "intensified pressure" on his uncle, and that the police "recently questioned" his uncle and asserted that Singh continues to be involved with Sikh militants. This interaction between the police and Singh's uncle, however, is not mentioned in his uncle's affidavit.

We agree with our dissenting colleague that if the BIA discredited the account of the 2013 events in Singh's personal statement and the affidavits of his brother and uncle by applying the IJ's 2004 adverse credibility determination to the

4

new events, that would be an abuse of discretion. *See Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016) (holding that, if an affidavit submitted in support of a motion to reopen contains new evidence for which no prior adverse credibility determination has been made, the BIA may not discredit the new evidence). We differ only over whether the BIA violated that rule in the instant case. We find that the BIA did not.

To the extent that the BIA imported the IJ's 2004 adverse credibility determination as to the statements in Singh's personal statement and the affidavits of his brother and uncle describing the previously discredited 1990 events, doing so does not violate the rule set forth in *Yang*, 822 F.3d at 509. Singh's testimony regarding the 1990 events was found not credible by the IJ in 2004, and that credibility determination was upheld by this court. *Singh v. Keisler*, 257 F. App'x. 7 (9th Cir. 2007).

As to the description of the 2013 events in Singh's personal statement, the BIA gave diminished weight to Singh's statement for independent reasons—because the facts were not based on personal knowledge and were not corroborated by his uncle's affidavit. As to the statements in Singh's brother and uncle's affidavits, the BIA properly gave diminished weight to the statements due to their equivocal, conclusory, and speculative nature.

It does not appear that the BIA gave diminished weight to the articles and country report that Singh submitted in support of his 2013 motion to reopen.

5

Though the BIA stated that the articles and country report do not appear material to Singh's claims, the BIA considered the evidence and found that it did not "reflect a material change in country conditions for [Sikh activist and Sikhs who are suspected to be associated with Sikh militant groups] since the time of [Singh]'s 2004 hearing."

The BIA did not abuse its discretion in denying Singh's motion to reopen.

**PETITION DENIED**.

Singh v Sessions, No. 14-70418

BERZON, Circuit Judge, dissenting:

I would grant the petition for review. The Board of Immigration Appeals (BIA) improperly imported an earlier negative credibility finding into the motion to reopen context and improperly discounted affidavits submitted with the motion to reopen.

Affidavits submitted with a motion to reopen must be taken as true unless inherently unbelievable, *see Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), and newly asserted facts cannot be disregarded based on past adverse credibility findings unless those findings were conclusive and contradict the facts newly asserted in affidavits, *see Toufighi v. Mukasey*, 538 F.3d 988, 994–95, 997 (9th Cir. 2008).

A key aspect of Singh's motion to reopen concerned threats made in India in 2013 with regard to activities in which Singh allegedly engaged *after* he left India—financing Sikh militants from abroad. The facts raised regarding those activities and threats did not conflict with the immigration judge's 2004 adverse credibility findings, as neither the alleged activity nor the alleged threats had yet occurred. The facts asserted in the 2013 affidavits from Singh's relatives regarding the 2013 threats—which were assertedly based on different activities than the

1

earlier threats—therefore should have been taken as true for purposes of determining whether to grant the 2013 motion to reopen. As the BIA instead discredited the affidavits, it misapplied the pertinent legal standards. For that reason, the petition for review should be granted.

Moreover, although the majority relies on the BIA's alternative bases for discounting the affidavits with respect to the 2013 threats, those grounds are not supported by substantial evidence. Singh's account and his uncle's are not in conflict, and the brother's quite specific account of the threats was in no way "equivocal, conclusory, [or] speculative." Although Singh's brother, understandably, could not say for sure what would happen to Singh if he returned, that failure to predict the future in no way detracts from the factual statements he made about the threats against Singh.

On return of the case, the BIA would be free, of course, to consider other aspects of the motion to reopen—for example, whether the affidavits, if credited, would demonstrate changed country conditions when considered together with the other evidence submitted, and whether the motion was timely as measured from Singh's knowledge of the new threats. But we are not empowered to address these issues in the first instance. *See Lopez v. Ashcroft*, 366 F.3d 799, 806 (9th Cir. 2004).

As I would grant the petition for review on this limited basis, I respectfully dissent.