**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JHONY ALEXANDER LOPEZ-GARCIA,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | Nos.　11-73579<br>　　　　13-72038<br><br>Agency No. A099-580-408<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2017
Seattle, Washington

Before:  FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

Jhony Lopez-Garcia petitions for review of the Board of Immigration

Appeals's (BIA) order, dated October 21, 2011, dismissing his appeal of the

Immigration Judge's (IJ) denial of application for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT).  Lopez-Garcia also

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petitions for review of the BIA's order, dated May 10, 2013, denying his motion to reopen his case. We have jurisdiction under 8 U.S.C. § 1252, and we deny both petitions for review.

Because Lopez-Garcia's motion to reopen was filed well after the 90-day deadline within which a motion to reopen must be filed, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2), the BIA did not abuse its discretion in denying the motion as untimely, *see Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004). Although a petitioner may be eligible for equitable tolling of the deadline due to ineffective assistance of counsel, *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016), Lopez-Garcia failed to qualify for such relief because he did not comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Among other defects, Lopez-Garcia failed to file a complaint with the appropriate disciplinary authorities. *See Lozada*, 19 I. & N. Dec. at 639. He is not excused from this failure, because the purpose of this requirement was not fully served by other means and because his counsel's ineffectiveness is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d at 597. We reject Lopez-Garcia's argument that his counsel's failure to pursue voluntary departure is plain, given that the record does not establish that Lopez-Garcia had been a person of good moral character for at least 5 years immediately preceding his application for

voluntary departure, *see* 8 U.S.C. § 1229c(b)(1)(B), and some evidence indicates that he did not meet that criterion, *see id.* § 1101(f)(6).

Alternatively, the BIA did not err in determining that Lopez-Garcia did not qualify for equitable tolling of the 90-day deadline for filing a motion to reopen based on ineffective assistance of counsel, because Lopez-Garcia failed to show that any deficient representation of counsel was prejudicial. *See Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). The BIA did not err in concluding that Lopez-Garcia did not show eligibility for withholding of removal because he has not demonstrated that it is more likely than not that he would be subject to persecution on account of his membership in a particular social group or on account of his political opinion. 8 U.S.C. § 1231(b)(3)(A). Lopez-Garcia has not shown that former gang members are a cognizable particular social group, *see Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016), and Lopez-Garcia does not face harm "because of" his familial relationships: the record establishes that Lopez-Garcia's family faces harm because of his gang associations rather than the inverse, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Further, Lopez-Garcia has not established that he is more likely than not to be persecuted by the Salvadoran government or persons whom the Salvadoran government is unable or unwilling to control. *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004).

3

Rather, Lopez-Garcia's second declaration indicates that on the one occasion in which he sought assistance from the government, his assailant was arrested, prosecuted, and imprisoned. Nor has Lopez-Garcia established plausible eligibility for relief under the Convention Against Torture (CAT), because the record does not support his claim that he would be subject to torture "with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1); *see id.* § 1208.18(a)(7).

In reaching these conclusions, the BIA did not err by not expressly addressing Dr. Thomas Boerman's expert opinion. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009). Nor did the BIA erroneously assess Lopez-Garcia's credibility or evaluate the truth of his statements when it concluded that Lopez-Garcia's allegations were vague and unpersuasive. *See Shouchen Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016).

Because Lopez-Garcia failed to raise any arguments relating to the BIA's October 21, 2011 order in his opening brief, he has waived his challenge to this order. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). But even if such a challenge were not waived, we would hold the BIA did not err in denying him relief because Lopez-Garcia did not file an application for asylum within one year of entering the United States, *see* 8 U.S.C. § 1158(a)(2)(B), because he has

4

not shown that it is more likely than not that he would be subject to persecution on account of his membership in a particular social group or on account of his political opinions, *see id.* § 1231(b)(3)(A), and because he has not shown that it is more likely than not he would be tortured if removed to El Salvador, *see* 8 C.F.R. § 1208.16(c)(2).

**PETITIONS DENIED.**