**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHOUCHEN YANG,

*Petitioner*,

v.

LORETTA E. LYNCH, Attorney General,

*Respondent*.

No. 12-71773

Agency No.
A099-045-733

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2015
University of California, Los Angeles

Filed May 19, 2016

Before: Mary M. Schroeder and Michelle T. Friedland,
Circuit Judges and Vince Chhabria,[*] District Judge.

Order;
Opinion by Judge Chhabria
Dissent by Judge Schroeder

---

[*] The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Immigration

In a superseding opinion, the panel granted a petition for review of the Board of Immigration Appeals' denial of a motion to reopen removal proceedings, concluding that the Board erred when it applied the maxim *falsus in uno, falsus in omnibus*—"false in one thing, false in everything"—to reject as not credible petitioner's new claim for asylum relief, based on a prior adverse credibility determination in underlying removal proceedings.

Dissenting, Judge Schroeder agreed that the Board is prohibited from making credibility determinations in considering a motion to reopen, but she does not view the Board's denial in this case to be premised on credibility, but rather petitioner's failure to meet the heavy burden of showing that the result in this case would change if the case was reopened.

### COUNSEL

Certified Law Students Ronald Park (argued) and Emily Cross (argued), supervised by Kathryn M. Davis and Peter R. Afrasiabi; University of California, Irvine School of Law; Irvine, California, for Petitioner.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jonathan Robbins (argued), Jennifer R. Khouri, and Jennifer P. Levings, Office of Immigration Litigation; Benjamin C. Mizer, Civil Division; U.S. Department of Justice; Washington, D.C., for Respondent.

---

## ORDER

The petition for rehearing is **GRANTED**. The opinion filed on February 26, 2016, reported at 815 F.3d 1173, is withdrawn. A superseding opinion is filed concurrently with this order.

The superseding opinion reflects the following amendments:

- 815 F.3d at 1175: In the first paragraph, <In contrast to an immigration judge, the BIA is not a finder of fact, so it cannot make the kind of credibility determination inherent in a decision to apply the *falsus* maxim.> has been replaced with <On a motion to reopen, the BIA cannot make the kind of credibility determination inherent in a decision to apply the *falsus* maxim.>

- 815 F.3d at 1176: In the second paragraph, <But unlike an immigration judge, the BIA may not make findings of fact. 8 C.F.R. § 1003.1(d)(3)(iv); *Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012). Consistent with the BIA's inability to make factual findings—including findings about witnesses' credibility—> has been replaced with <But, in this circuit,>.

- 815 F.3d at 1176: The paragraph break between the second and third paragraphs has been deleted.

- 815 F.3d at 1176: In the third paragraph, <And only the fact-finder is in a position to decide which is which.> has been replaced with <And only a fact-finder who is empowered to make credibility determinations is in a position to decide which is which.>

- 815 F.3d at 1176: In the last paragraph, <But neither would an immigration judge be prohibited from finding that Yang is being truthful now> has been replaced with <But an immigration judge would not be prohibited from finding that Yang is being truthful now>.

- 815 F.3d at 1176: In the last paragraph, <In holding that the BIA could apply the *falsus* maxim to discredit evidence supporting a motion to reopen, the Second Circuit did not acknowledge or analyze these distinctions between the role of an immigration judge and the role of the BIA. *See Qin Wen Zheng,* 500 F.3d at 146–48. We therefore decline the government's invitation to follow the Second Circuit's decision here.> has been replaced with <Accordingly, we decline the government's invitation to follow the Second Circuit's decision in *Qin Wen Zheng*, and hold instead that the BIA may not apply the *falsus* maxim to deny a motion to reopen.>

No changes have been made to Judge Schroeder's dissent.

The parties may file further petitions for rehearing or rehearing en banc.

---

**OPINION**

CHHABRIA, District Judge:

This court has held that an immigration judge may use the maxim *falsus in uno, falsus in omnibus*—"false in one thing, false in everything"—to find that a witness who testified falsely in one respect at a removal hearing is also not credible in other respects. *Enying Li v. Holder*, 738 F.3d 1160, 1161–62 (9th Cir. 2013). The question in this appeal is whether the Board of Immigration Appeals ("BIA") may do the same thing when considering a motion to reopen removal proceedings. We conclude it may not. On a motion to reopen, the BIA cannot make the kind of credibility determination inherent in a decision to apply the *falsus* maxim. Because the BIA applied the *falsus* maxim in denying Shouchen Yang's motion to reopen, we grant his petition for review.

**I.**

Shouchen Yang is a native and citizen of the People's Republic of China. He entered the United States on a nonimmigrant visa in January 2005 and overstayed. He subsequently applied for asylum, withholding of removal, and protection under the Convention against Torture. The asylum officer who initially processed Yang's application referred him to an immigration judge, and Yang entered removal proceedings.

In removal proceedings, Yang testified that he had mobilized his co-workers to complain about corruption in the government-affiliated hotel where they worked, prompting local officials to have Yang arrested and beaten. But the immigration judge found that Yang's testimony was not credible, and denied Yang's applications for relief. The BIA dismissed Yang's appeal from this decision, holding that the immigration judge's credibility determination was not clearly erroneous.

Yang then filed a timely motion to reopen, asserting a new factual basis for relief. According to Yang, after he was ordered removed, he joined a Christian church whose members were persecuted in China. In support of his motion, Yang submitted an affidavit that detailed his purported religious conversion. The affidavit further alleged that, after Yang tried to mail religious literature to his wife in China, Chinese authorities threatened to send her to a forced labor camp. Yang also submitted a document that he identified as a letter from his wife, which described purported threats by Chinese authorities, as well as other documentary evidence.

The BIA denied Yang's motion to reopen. In doing so, the BIA found that, because the immigration judge in removal proceedings had found that Yang's testimony in those proceedings was not credible, the new affidavit that Yang submitted with his motion to reopen was also not credible. Specifically, the BIA held that Yang "has not shown why the Board should now accept the statements offered in support of the motion as reliable where his prior testimony has been found to lack credibility, and where [Yang] has not offered an explanation to overcome the Immigration Judge's adverse credibility determination."

Yang timely petitioned for review.

## II.

"We review the denial of a motion to reopen for abuse of discretion." *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013). The BIA abuses its discretion when, among other things, it acts "contrary to law." *Id.*

## III.

Under this court's precedent, an immigration judge may apply the *falsus* maxim to find that a witness who testified falsely about one thing is also not credible about other things. *Enying Li v. Holder*, 738 F.3d 1160, 1161–62 (9th Cir. 2013). The Second Circuit has gone further, holding that the BIA may also apply the *falsus* maxim, relying on an immigration judge's prior adverse credibility determination to make its own finding that evidence supporting a motion to reopen is not credible. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007). The Government would have us adopt the Second Circuit's reasoning and extend our prior decision in *Enying Li* to hold that the BIA (like the immigration judge in *Enying Li*) may use the *falsus* maxim to discredit evidence that has not otherwise been found non-credible—here, Yang's affidavit in support of his motion to reopen.

But, in this circuit, "[w]e have long held that credibility determinations on motions to reopen are inappropriate." *Bhasin v. Gonzales*, 423 F.3d 977, 986 (9th Cir. 2005); *see also Ghadessi v. INS*, 797 F.2d 804, 806–07 (9th Cir. 1986). The BIA must instead credit evidence supporting a motion to reopen unless that evidence is "inherently unbelievable."

*Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014); *see also Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1151 (9th Cir. 2013). The *falsus* maxim cannot render Yang's affidavit "inherently unbelievable," because the *falsus* maxim is discretionary rather than mandatory. The maxim "*allows* a fact-finder to disbelieve a witness's entire testimony," *Enying Li*, 738 F.3d at 1163 (emphasis added), but it does not *require* a fact-finder to disbelieve the witness's entire testimony. Sometimes a witness lies about one thing but tells the truth about another thing. Other times a witness lies about everything. And only a fact-finder who is empowered to make credibility determinations is in a position to decide which is which. Here, based on our decision in *Enying Li*, an immigration judge could apply the *falsus* maxim based on Yang's prior testimony and find that Yang's new story is not credible. For that matter, the immigration judge could find that Yang's new story is not credible for some other reason. But an immigration judge would not be prohibited from finding that Yang is being truthful now, notwithstanding the conclusion that Yang's testimony in the prior hearing was not credible.

The idea that the BIA could apply the *falsus* maxim to deny a motion to reopen is in tension with the BIA's limited and deferential role in reviewing immigration judges' credibility determinations in the first place. When the BIA reviews an immigration judge's credibility determination, it asks only whether the determination was "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i); *see also Vitug v. Holder*, 723 F.3d 1056, 1063–64 (9th Cir. 2013). So when the BIA denies an appeal from an adverse credibility determination, it does not make its own credibility determination. It merely concludes that the witness *might* not have been credible, i.e., that there was enough evidence to support the immigration judge's

finding.  The BIA, as an appellate body, does not have the opportunity to observe the witness's demeanor, candor, or other "ephemeral indicia of credibility." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005).

Accordingly, we decline the government's invitation to follow the Second Circuit's decision in *Qin Wen Zheng*, and hold instead that the BIA may not apply the *falsus* maxim to deny a motion to reopen.

## IV.

Our entire panel agrees on this legal rule: the BIA may not make adverse credibility determinations (including adverse credibility determinations based on the *falsus* maxim) in denying a motion to reopen.[1]  We part ways with our dissenting colleague only over whether the BIA violated that rule in this case.

The BIA's decision states, in relevant part:

> [T]he respondent has not shown why the Board should now accept the statements offered in support of the motion as reliable where his prior testimony has been found to lack credibility, and where the respondent has not offered an explanation to overcome the Immigration Judge's adverse credibility determination. Accordingly, the respondent's motion to reopen will be denied. *See Matter*

---

[1] Another issue on which the entire panel agrees is that the students from UC Irvine School of Law, Emily Cross and Ronald Park, are to be commended for their high-quality representation of Mr. Yang.

of *Coelho*, 20 I&N Dec. 464, 472–73 (BIA 1988) [sic] (explaining that a party who seeks a remand or to reopen proceedings to pursue relief bears a "heavy burden" of proving that if proceedings before the Immigration Judge were reopened, with all the attendant delays, the new evidence would likely change the result in the case).

As we read this passage, the BIA rejected the affidavit Yang offered in support of his motion to reopen because the immigration judge in removal proceedings had discredited Yang's prior testimony. The BIA required Yang "to overcome the Immigration Judge's adverse credibility determination" before it would accept his affidavit as "reliable." And "reliable," in this case, can only mean "credible": Yang's affidavit would only be unreliable if Yang were lying.

The BIA's citation to *Matter of Coelho* does not change the fact that it impermissibly discredited Yang's affidavit. We understand that citation to mean that, after Yang's affidavit was discredited, Yang's remaining evidence was insufficient to justify reopening. But the BIA should instead have assessed the sufficiency of Yang's evidence after taking Yang's affidavit as true.

## V.

Because the BIA may not make credibility determinations on a motion to reopen, the BIA's decision to discredit Yang's affidavit based on application of the *falsus* maxim was contrary to law, and therefore an abuse of discretion. *See Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013);

*Mejia v. Ashcroft*, 298 F.3d 873, 878 (9th Cir. 2002). Accordingly, we grant Yang's petition for review, and remand for further proceedings consistent with this opinion.

**GRANTED and REMANDED.**

---

SCHROEDER, Circuit Judge, dissenting:

While I agree with the majority that the BIA should not deny motions to reopen by making adverse credibility determinations, I do not agree that the BIA denied this motion by doing so. The motion to reopen was premised upon facts Petitioner created after the IJ had ordered Petitioner removed. He then joined a banned church, sent banned books to his wife, and apparently had the authorities notified.

Assuming the facts are true and he did those things, such manufactured facts could not satisfy Petitioner's heavy burden of showing the result should change. This is what the BIA concluded, citing *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992), a case that did not involve an adverse credibility finding, but did involve a failure of proof. The law students of U.C. Irvine are to be commended, but I must respectfully dissent from the decision that the BIA abused its discretion.