**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIE MA,

               Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No.   12-71606

Agency No. A095-175-033

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 1, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

    Jie Ma initially applied for asylum in 2001, claiming that Chinese authorities had persecuted him for practicing Zhong Gong, a spiritual movement based on breathing and meditation which is similar to the banned practice of Falun Gong. When Ma failed to appear at the hearing on his asylum application in 2002, an immigration judge (IJ) conducted the hearing in his absence and ordered his

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal to China. Over eight years later, Ma moved to reopen his proceedings. He argued that his removal order should be rescinded because he did not receive notice that his hearing date had changed or, alternatively, that he should be permitted to reapply for asylum due to changed country conditions in China. An IJ denied Ma's motion and the Board of Immigration Appeals (BIA) affirmed. We have jurisdiction under 8 U.S.C. § 1252 and we deny in part and grant in part Ma's petition for review.

The BIA did not abuse its discretion by denying Ma's motion to reopen to rescind his in absentia removal order based on lack of notice. The agency satisfied notice requirements by sending a hearing notice by regular mail to the most recent address that Ma had provided. *See Popa v. Holder*, 571 F.3d 890, 897–98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the [agency].'" (citation omitted)). The BIA did not abuse its discretion in concluding that Ma had not presented sufficient evidence to rebut the presumption of proper delivery. *See Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007).

However, we find that the BIA abused its discretion by evaluating Ma's motion to reopen to reapply for asylum based on changed country conditions. In support of his motion, Ma attested that the Chinese government began to target

2

both Ma and his family for persecution on account of his religious practices following his voluntary return to China in 2008 to take care of his sick father. In addressing Ma's motion, the BIA improperly faulted Ma for not supporting his affidavit with additional "affidavits from family members in China to corroborate his claim that authorities were searching for him in 2009." The BIA's reasoning is contrary to our rules that, at the motion to reopen stage, supporting affidavits are not required and the BIA must take petitioner's allegations as true unless they are inherently unbelievable. *See Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016); *Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014); *Bhasin v. Gonzales*, 423 F.3d 977, 986–87 (9th Cir. 2005). Similarly, in *Malty v. Ashcroft*, we concluded that "the BIA abused its discretion when it faulted Malty for not submitting supporting affidavits" beyond his own sworn declaration. 381 F.3d 942, 946–47 (9th Cir. 2004). The record before us compels us to conclude similarly here.

We find that the BIA abused its discretion in evaluating Ma's motion to reopen based on changed country conditions. We remand on an open record for the BIA to decide Ma's motion accepting his allegations as true, including by

determining whether Ma's allegations are "qualitatively different from the evidence presented" in support of his initial asylum application. *Id.* at 945.[1]

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

[1] In light of our disposition, we do not address Ma's contention that the IJ erred by finding that he lacked jurisdiction over Ma's request to reopen based on changed country conditions.