NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL SOCORRO ZERTUCHE-MORENO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-72101 <br><br> Agency No. A096-211-060 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2017**
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,*** District
Judge.

Petitioner Maria Del Socorro Zertuche-Moreno ("Zertuche-Moreno")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Paul C. Huck, United States District Judge for the
Southern District of Florida, sitting by designation.

petitions for review of a June 13, 2014 Board of Immigration Appeals ("BIA") order denying her motion to reopen removal proceedings as untimely. *See* 8 C.F.R. § 1003.2(c)(2). We have jurisdiction under 8 U.S.C. § 1252(b) and review for an abuse of discretion. *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016). We deny Zertuche-Moreno's petition for review.

Zertuche-Moreno argues that the BIA applied the wrong legal standard and failed to recognize that she presented sufficient evidence to qualify for the changed country conditions exception described in 8 C.F.R. § 1003.2(c)(3)(ii). We disagree, and conclude that the BIA properly denied Zertuche-Moreno's motion because she failed to present sufficient evidence to show "changed country conditions" in Mexico and failed to show that the proffered evidence "was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Several of the exhibits attached to Zertuche-Moreno's motion were published before her hearing and were therefore "available" at that time. *Id.* The remaining exhibits fail to demonstrate a material change in country conditions because, although they include "troubling accounts of violence and kidnaping in Mexico," *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016), they do not show that "circumstances have changed sufficiently [so that Zertuche-Moreno] now has a well-founded fear of future persecution," *Malty v. Ashcroft*, 381 F.3d

2

942, 945 (9th Cir. 2004).  The BIA did not abuse its discretion by denying

Zertuche-Moreno's motion to reopen.

**PETITION FOR REVIEW DENIED.**