**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJINDER KAUR and GURBIR SINGH, Petitioners, v. JEFFERSON B. SESSIONS, III, United States Attorney General, Respondent. | No. 12-72838 Agency Nos. A095-399-055 A095-399-056 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,** District Judge.

Baljinder Kaur ("Kaur") and Gurbir Singh (together "Petitioners") have

petitioned for review of the August 13, 2012, decision of the Board of Immigration

Appeals ("BIA") denying their motion to reopen their removal proceedings based

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

on changed circumstances in India. Petitioners claim that these new circumstances entitle them to asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition for review.

After the Department of Homeland Security initiated removal proceedings against Petitioners for overstaying their travel visas in 2002, Petitioners filed an application for asylum based upon their claim that they would face persecution if returned to India because of their political and religious beliefs, including their families' belief that there should be an independent Sikh state in India called Khalistan. In 2005, the immigration judge ("IJ") denied Petitioners' application. The IJ concluded that several of Kaur's key assertions, including details regarding the death of her father in 1991 and of her three arrests between 1997 and 1999, lacked credibility because of the inconsistencies in her statements.

On February 17, 2012, Petitioners filed the instant motion to reopen with the BIA based on, *inter alia*, changed family circumstances. In support of the motion, Petitioners submitted a signed statement from Kaur and an affidavit from her sister, Balraj Kaur ("Balraj"), which provided that in 2011 the police raided a family ceremony held in India, sought Kaur, held Balraj in custody, and released Balraj only after warning her that she must tell the police if Kaur returned to India.

According to Kaur's and Balraj's statements, the authorities also told Balraj that they would not release Kaur once apprehended.

In the August 13, 2012, decision denying the motion to reopen, the BIA concluded that Petitioners had

> not submitted persuasive, material evidence of changed circumstances in India. While the Ninth Circuit has held, in a different factual context, that the Board "is required to accept as true the facts stated in [an] affidavit unless they are inherently unbelievable[,]" *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted), in this case, the respondents have previously presented a Khalistani Sikh-based claim found not to be truthful. And, considering the totality of evidence before us, we do not accept as true the most recent variant of the professed factual claims the respondents now present.

The BIA also discounted Balraj's affidavit "because it is a copy, from an interested witness, not accompanied with an envelope, and speculative."

As the BIA acknowledged, for the purposes of the motion to reopen, it was required to accept as true the facts alleged in Kaur's and Balraj's statements, unless they were found to be inherently unbelievable. *Najmabadi*, 597 F.3d at 990. The Government does not suggest that these statements were inherently unbelievable. The BIA also did not find the statements to be inherently unbelievable. Instead, it refused to accept the new facts regarding the raid on the family gathering as true because the IJ had previously found incredible Kaur's statements regarding past related persecution.

We review the BIA's denial of a motion to reopen for abuse of discretion and should leave its decision undisturbed unless it is arbitrary, irrational, or contrary to law. *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013). The BIA may consider evidence developed at a prior hearing and is "free to interpret that evidence free from inferences in favor of the moving party." *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991) (internal quotation marks omitted). The BIA must also consider the evidence in its entirety. *Yan Rong Zhao*, 728 F.3d at 1149. However, we recently reiterated that "'credibility determinations on motions to reopen are inappropriate.'" *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (quoting *Bhasin v. Gonzales*, 423 F.3d 977, 986 (9th Cir. 2005)).

The BIA went beyond the interpretation of evidence developed at the prior hearing and made improper credibility determinations regarding the new facts alleged by Kaur and Balraj, none of which were ever before the IJ. The BIA was required to accept the new facts as true and should not have extended the IJ's prior credibility determination beyond the facts that had been before him. Moreover, the BIA had no grounds to impute the past credibility finding of Kaur to Balraj, as the IJ never had the opportunity to inspect or determine the credibility of Balraj's affidavit.

In finding that these new assertions were merely variants of a previously rejected "Khalistani Sikh-based claim," the BIA effectively blocked any related

future claim made by Kaur, regardless of the evidence she submitted. In this way, this case resembles the facts in *Shouchen Yang* where the BIA erroneously concluded that, because the IJ had found that the petitioner testified falsely as to one claim, the BIA could find that he was incredible regarding any other claim. *Id.*

We further conclude that the BIA's other reasons for rejecting Balraj's affidavit are legally insufficient. That Kaur submitted a copy of her sister's affidavit is immaterial. *See Yan Rong Zhao*, 728 F.3d at 1149 (providing that "the BIA instructs petitioners *not* to file original documents"). That Balraj was an interested witness also should not have factored into the BIA's decision as it is required to accept the facts in the affidavit as true unless inherently unbelievable. *Najmabadi*, 597 F.3d at 990. Whether the affiant is an interested witness is not part of this equation. There was no support for the BIA's assertion that Balraj's affidavit was speculative as she stated details about facts that she allegedly witnessed. Finally, it is unclear why the fact that the affidavit was not in an envelope would have any effect on the BIA's analysis.

The BIA abused its discretion by making new credibility determinations based on a previous finding by the IJ. It also failed to provide permissible reasons for otherwise rejecting Balraj's affidavit. We grant the petition for review and remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

5