NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GEVORG SUKIASYAN, AKA Maxim Chekan, | No. 15-73523 |
| Petitioner, | Agency No. A099-903-951 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019**
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,*** District Judge.

Gevorg Sukiasyan, a native and citizen of Armenia, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying his untimely

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

motion to reopen. Sukiasyan filed the motion seeking a new application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") due to changed country conditions in Armenia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review a BIA decision on a motion to reopen for abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). We deny the petition for review.

1.      The BIA did not abuse its discretion in determining that there was no evidence of changed conditions in Armenia. Sukiasyan did not put forth any new evidence showing that the types of harm he fears in Armenia have increased or intensified, nor was his evidence "qualitatively different from the evidence presented at his asylum hearing." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). The articles and report he relied upon state that the Armenian government continues to target those active in opposition politics, particularly in protest settings. Although the articles may support a conclusion that protests have increased, they do not say that the government's response has been qualitatively or materially different. Rather, the evidence shows that the rates of injuries and deaths resulting from government oppression are stagnant, if not lower than in prior years. Sukiasyan therefore presented no evidence that oppressive conditions are increasing or intensifying in Armenia.

2.      The BIA also did not abuse its discretion by noting a prior adverse

2

credibility determination against Sukiasyan. "[T]he BIA may not make adverse credibility determinations . . . in denying a motion to reopen." *Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016). Facts presented in supporting affidavits "must be accepted as true unless inherently unbelievable." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005).

Although the BIA found the prior adverse credibility determination notable, its determination that Sukiasyan did not adequately support his claim of changed conditions rests on more than that notation alone. First, the BIA refused to credit Sukiasyan's sworn declaration from 2012 because it related to allegations of persecution that predated his original merits hearing. Second, the BIA declined to adopt Sukiasyan's unsupported speculation that the Armenian authorities knew of his passport issuance and were searching for him. Third, the BIA determined that Sukiasyan's mother's letter was "sparse and unpersuasive" because it described only one instance in three years where police came searching for him.

These findings do not turn on credibility determinations, but rather on the lack of factual evidence Sukiasyan presented to support his claim. They are enough to support the BIA's final decision, even if the BIA also noted the prior adverse credibility finding.

3. The BIA should not have considered the continued presence of Sukiasyan's family in Armenia as significant to his showing of changed conditions

3

there, however we find that any error was harmless. The continued presence of family members in the country of origin does not necessarily rebut an applicant's well-founded fear of future persecution unless there is evidence that the family is similarly situated or subject to similar risk. *See Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008).

Aside from Sukiasyan's characterization of his family as highly politically involved, there is no evidence in the record postdating his original merits hearing to support a finding that his family members were similarly situated to him such that their safety in Armenia should rebut his claim of feared persecution. The BIA may have abused its discretion in relying on this factor to deny Sukiasyan's motion. However, in light of the BIA's other bases for denial, described *supra*, this error alone does not warrant granting Sukiasyan's petition.

4. Sukiasyan argues that, in addition to meeting his high burden of showing changed country conditions, he also established a *prima facie* claim for asylum and withholding. The BIA did not rule on this argument, however, and it is unnecessary to address here because we have already determined that the BIA did not abuse its discretion in finding that Sukiasyan failed to meet his burden to reopen his case.

**THE PETITION FOR REVIEW IS DENIED.**

4