UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFIK SULEYMANYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70354

Agency No. A075-671-142

ORDER

Before:  RAWLINSON, BENNETT, and BADE, Circuit Judges.

The last sentence on page 3 of the memorandum disposition filed on September 20, 2019, is amended to read as follows:  We therefore vacate and remand to the Board for further proceedings to determine whether, when crediting Suleymanyan's declaration as true, he has established a *prima facie* case and materially changed country conditions.  With this amendment, the panel has voted to deny Respondent's Petition for Panel Rehearing.

Respondent's Petition for Panel Rehearing, filed November 1, 2019, is DENIED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFIK SULEYMANYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.     16-70354

Agency No. A075-671-142

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 9, 2019
Pasadena, California

Before:  RAWLINSON, BENNETT, and BADE, Circuit Judges.

Rafik Suleymanyan (Suleymanyan), a native and citizen of Armenia, seeks
review of a decision of the Board of Immigration Appeals (Board) denying his
motion to reopen immigration proceedings.  We have jurisdiction under 8 U.S.C. §
1252, and review the denial of a motion to reopen for abuse of discretion.  *See*
*Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Board must "credit evidence supporting a motion to reopen unless that evidence is inherently unbelievable." *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (citations and internal quotation marks omitted). Further, the Board may not require submission of corroborative evidence while reviewing a motion to reopen. *See Malty v. Ashcroft*, 381 F.3d 942, 946-47 (9th Cir. 2004). As the Board made no determination that Suleymanyan's declaration was "inherently unbelievable," the Board was required to credit the declaration as true.[1] *Shouchen Yang*, 822 F.3d at 508. By failing to credit Suleymanyan's declaration as true, and by requiring corroborative evidence, the Board abused its discretion. *See id.*; *see also Malty*, 381 F.3d at 946-47.

An error resulting from the Board's abuse of discretion is harmless if no prejudice results from the error. *See Kumar v. Gonzales*, 439 F.3d 520, 523-24 (9th Cir. 2006). In other words, if Suleymanyan would not be entitled to relief even if his declaration were credited as true, the Board's error in failing to credit the declaration as true would be rendered harmless. *See id.* However, in this case,

---

[1] The prior adverse credibility determination was improperly used by the Board to discredit Suleymanyan's declaration, particularly as the adverse credibility determination related to matters other than those toward which the adverse credibility determination was directed. *See Toufighi v. Mukasey*, 538 F.3d 988, 995 n.13 (9th Cir. 2008) ("[A]n alien may use a motion to reopen to present newly available material evidence that challenges the original factual conclusions drawn by the IJ. . . .") (citation omitted).

the Board failed to make an alternative finding that, even crediting the declaration as true, Suleymanyan was unable to establish a *prima facie* case for relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We therefore vacate and remand to the Board for further proceedings to determine whether, when crediting Suleymanyan's declaration as true, he has established a *prima facie* case and materially changed country conditions.[2] *See I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (requiring remand if additional inquiry is needed).

**VACATED and REMANDED.**

---

[2] We express no opinion as to the outcome of the Board's subsequent review.