**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDEEP SINGH, | No. 18-73279 |
| Petitioner, | Agency No. A088-716-329 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2020**
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Amandeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen his

removal proceedings in light of changed country conditions. We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion, and we defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017).

Singh did not provide an adequate basis to excuse the fact that his motion was time-barred, and the BIA permissibly relied on the Immigration Judge's ("IJ's") finding that Singh was not a Sikh activist, a necessary requisite to his claims. The BIA also permissibly gave little weight to Singh's documentary evidence, which it found to be unreliable because it was created by interested parties.

Singh relies on our holding that the BIA may not make an adverse credibility determination in denying a motion to reopen. *See Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016). But the BIA did not make an adverse credibility determination; rather it noted that Singh's claim to be a Sikh activist was "not accepted as truthful by the Immigration Judge." This reliance on the IJ's credibility determination was proper. *See Toufighi v. Mukasey*, 538 F.3d 988, 994-97 (9th Cir. 2008) (holding the BIA appropriately relied on an IJ's determination that petitioner was not a Christian in rejecting a motion to reopen based on changed country conditions relating to religious persecution).

**DENIED.**