**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIUS OHIOLEI AILEMAN, | No.    18-72734 |
| Petitioner, | Agency No. A092-866-985 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2020[**]
Seattle, Washington

Before:  McKEOWN and VANDYKE, Circuit Judges, and KENDALL,[***] District Judge.

Petitioner Pius Aileman seeks review of a decision by the Board of

Immigration Appeals denying his petition to reopen his deportation proceedings to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

apply for deferral of removal under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.17(a). Aileman presents a number of claims in his motion to reopen his deportation proceedings. He first argues that he needs protection from the Nigerian government as they have criminalized his status as a gay man and would seek to arrest, prosecute, and impose a 14-year prison sentence on that basis. Second, Aileman argues that he is likely to be tortured in Nigeria because of his involvement in drug trafficking and connections with prominent Nigerian political figures. The parties are familiar with the facts, so we do not repeat them here. This Court has jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(1), which allows for judicial review of a final order of removal. We affirm.

Denials of motions to reopen are generally reviewed for abuse of discretion. *I.N.S. v. Doherty*, 502 U.S. 314, 323–24 (1992); *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016). The Court defers to the Board's exercise of discretion unless its decision "is 'arbitrary, irrational, or contrary to law.'" *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013) (quoting *Chang Hua He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007)).

The BIA did not abuse its discretion in denying Aileman's petition to reopen his deportation proceedings and properly found that Aileman did not establish *prima facie* eligibility for CAT protection. The evidence Aileman submitted is contradictory and does not support the conclusion that he had an objective fear of

2

torture in Nigeria on the basis of his sexual orientation or his involvement with former Nigerian politicians and their criminal enterprises. The Board considered all evidence and reasonably found that it did not support the proposition that he would more likely than not be tortured on these bases. *Cf. Konstantinova v. I.N.S.*, 195 F.3d 528, 529 (9th Cir. 1999) ("The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim.").

**PETITION DENIED.**