

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YINGHUI ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 16-71187

Agency No. A097-859-358

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2021
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and KORMAN,[**] District
Judge.

Yinghui Zhang ("Zhang") petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying his untimely and numerically barred motion

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

to reopen based on changed country conditions.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's "denial of a motion to reopen for abuse of discretion." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (citing *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003)).  "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law."  *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).  To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

*Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

The BIA did not abuse its discretion in denying Zhang's motion to reopen. In his motion to reopen, Zhang claimed that new developments lent additional support to his initial claim that he would be persecuted if removed to China on account of his efforts to publicize his employer's corrupt practices.  The BIA concluded that the new evidence produced by Zhang is not material because Zhang

2

had previously been found not credible in his claim that he had been a whistleblower in China. Zhang argues that the BIA erred, under *Yang v. Lynch*, 822 F.3d 504 (9th Cir. 2016), in relying on an Immigration Judge's ("IJ") adverse credibility determination from his prior hearing. In *Yang*, the petitioner had been found not credible in his testimony supporting his asylum claim based on alleged government corruption. *Id.* at 507. Petitioner later moved to reopen based on his claimed conversion to Christianity. *Id.* We held in *Yang* that the IJ's prior adverse credibility finding could not be used as the basis for finding Yang's new claim not credible. *Id.* at 509. Here, in contrast, the events that post-dated the previous adverse credibility determination are all directed to the truth of Zhang's initial claim based on his alleged whistleblowing, which the IJ has already found not credible. Without a new claimed ground for relief, this case does not come within the rationale of *Yang*, and the BIA did not abuse its discretion in finding Zhang's new evidence immaterial.

**PETITION DENIED.**