**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDITH GATHONI WAITHIRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73201

Agency No. A089-299-703

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2021
San Francisco, California

Before:  THOMAS and McKEOWN, Circuit Judges, and MOLLOY,** District
Judge.

Edith Waithira, a citizen of Kenya, petitions for review of the Board of

Immigration Appeals' (BIA) order denying her motion to reopen.  Waithira

brought her motion to reopen on two grounds.  We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

U.S.C. § 1252. We grant in part and deny in part the petition for review. We review the BIA's denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017).

I

The BIA acted within its discretion in denying Waithira's motion to reopen based on ineffective assistance of counsel. The BIA concluded that Waithira failed to show that equitable tolling applied to her claim, in part because her "general assertions about the timing of her efforts" were "insufficient to establish that she exercised due diligence." After reviewing the applicable time periods, we conclude that the BIA did not abuse its discretion in reaching that conclusion.

II

The BIA abused its discretion in denying Waithira's motion to reopen to reapply for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on the basis of changed country conditions. The BIA rejected certain evidence submitted with the motion because it was not "independent" of Waithira's prior claims of persecution by the Mungiki, which the Immigration Judge (IJ) had found to lack credibility. In doing so, the BIA ran afoul of this Court's longstanding rule that it may not make adverse credibility determinations on a motion to reopen, either directly, *see Bhasin v. Gonzales*, 423

F.3d 977, 986–87 (9th Cir. 2005), or via the *falsus* maxim, *see Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016). Here, the BIA's decision relied almost exclusively on the prior adverse credibility finding without independently considering the newly tendered evidence of events that occurred after the previous hearing. That evidence was not rendered logically irrelevant by the prior adverse credibility finding. Accordingly, the BIA was required to credit the evidence unless it was "inherently unbelievable." *Id.* at 508.

On remand, the BIA should conduct its review of changed country conditions and prima facie eligibility for relief based on the full record. Further, the BIA should be careful to give individualized consideration to Waithira's prima facie eligibility for relief under the CAT, which can be established on a separate factual predicate from her asylum and withholding of removal claims. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (noting that "country conditions alone can play a decisive role in granting relief under the Convention"). Each party shall bear its own costs.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED.**