**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAI CUI,

             Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No.   16-71659

Agency No. A087-598-678

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Kai Cui, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen proceedings. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We grant and remand the petition for review.

The BIA abused its discretion when it denied Cui's motion to reopen, where Cui established a prima facie case for asylum based on a well-founded fear of persecution on account of his religion. *See Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) ("The BIA must instead credit evidence supporting a motion to reopen unless that evidence is inherently unbelievable." (internal quotation marks omitted)); *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) ( "[A] prima facie case for relief is sufficient to justify reopening, … and a prima facie case is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." (internal quotation marks and citations omitted)); *see also* 8 C.F.R. § 1208.13(b)(2)(iii). Thus, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government must bear the costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITON FOR REVIEW GRANTED; REMANDED.**