UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURPREET SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-759

Agency No.
A216-265-780

ORDER

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,
District Judge.[*]

The Memorandum Disposition filed on March 28, 2023, from which

Judge Nelson partially dissented, is withdrawn and replaced with a new

Memorandum Disposition filed concurrently with this order. With this order,

Judge Friedland has voted to deny the petition for panel rehearing, and Judge

Cardone so recommends. Judge Nelson has voted to grant the petition for

rehearing. The petition for rehearing is **DENIED**. No future petitions for

rehearing will be entertained.

---

[*]     The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPREET SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-759

Agency No.     A216-265-780

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2023
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge R. NELSON.

Gurpreet Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand as to Singh's claims for asylum and withholding of removal, and deny the petition as to his claim for CAT protection.

We review factual findings for substantial evidence. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005). We review questions of law de novo. *Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009). When the BIA adopts the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and offers additional reasoning, we review both decisions. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

1. Although the IJ deemed Singh only partially credible and noted that his evidence that he was beaten by Bharatiya Janata Party ("BJP") and Congress Party members was "not strong," it credited Singh's testimony that his attackers were members of those parties, thus concluding that "Respondent has met his burden that [the harm he suffered] was on account of his political opinion." The IJ's finding that "the reason . . . that [Singh] was beaten by BJP party members and Congress Party members . . . is because he was a member of the Mann Party" necessarily accepted Singh's testimony that he was indeed beaten by members of these parties. Any contrary factual finding by the BIA about who the attackers were was invalid because "the BIA may not make its own findings or rely 'on its own interpretation of the facts.'" *Zumel v. Lynch*, 803 F.3d 463, 475 (9th Cir. 2015) (quoting *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013)); *see also Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (explaining

2

that the BIA cannot "make its own credibility determination").

When a petitioner is persecuted by members "of a major political party . . . after its rise to power from a minority voting bloc in the legislature to the head of government, the source of the persecution is the government itself." *Kaur v. Wilkinson*, 986 F.3d 1216, 1228 (9th Cir. 2021). It appears that the BJP governed Punjab as part of a coalition majority at the time Singh testified that he was attacked by BJP members,[1] and *Kaur* recognized that the Congress Party governed Punjab at the time Singh testified that he was attacked by Congress Party members. *See id.* at 1220 (recognizing that "in March 2017, the Congress Party won elections in Punjab, and assumed power in the state"); *id.* at 1229–30 & n.23 (explaining that a party that forms a coalition majority should be considered "the government" for the purposes of persecution analysis). Because *Kaur* was decided after the IJ proceedings in this case, however, the IJ did not consider whether Singh's attackers from the BJP Party or the Congress Party must be considered to have been part of "the government itself" at the

---

[1] *See Election Results: Badals Sweep Congress off Punjab Skies*, The Times of India (Mar. 7, 2012), https://tinyurl.com/wv5x94fa. Although this fact is not in the administrative record, we may take judicial notice of such adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Singh v. Ashcroft*, 393 F.3d 903, 905–07 (9th Cir. 2004) (quoting Fed. R. Evid. 201(b)(2)). To the extent that the evidence shows otherwise on remand, the agency may make such findings of fact as are supported by the record.

times of the beatings.[2]

Any error in the agency's persecution analysis would be harmless had the agency applied a presumption of a nationwide threat of persecution in its relocation analysis. *See Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (holding that the agency erred by failing to afford the petitioner a nationwide presumption of future persecution, given the petitioner's testimony that he suffered persecution at the hands of the government). The agency did not do so here.

We therefore remand for the agency to reevaluate Singh's asylum and withholding claims by addressing whether his attackers constituted government persecutors under *Kaur*, and, if so, whether the government rebutted the nationwide threat of persecution as required under *Whitaker*. *See Whitaker*, 914 F.3d at 661 & n.2 (remanding the petitioner's asylum and withholding claims

_____

[2] The dissent argues that we should not apply *Kaur* and should instead defer to the IJ's conclusion that there was "no evidence that these [attackers] acted on behalf of the Congress Party or the BJP Party or the government of India." Yet the IJ made this statement in the context of discussing whether the government was unwilling or unable to control Singh's attackers, and *Kaur* indicates that such a showing is unnecessary if a petitioner credibly asserts that his persecutor "is the government itself." 986 F.3d at 1229. Although the IJ elsewhere credited Singh's testimony that he was attacked by members of the BJP and the Congress Party, it did not address whether the attackers' affiliations with those parties rendered the assaults persecution by the government as required by *Kaur*, making its conclusion erroneous for the reasons discussed herein. Although *Kaur* had not yet been decided at the time of the IJ's decision, it was decided by the time the BIA issued its decision upholding the IJ's analysis—which, by that point, was no longer consistent with our circuit's precedent.

where the agency's denial of the withholding claim was based on errors in its asylum analysis).

2. Substantial evidence supports the agency's conclusion that Singh did not establish that he would more likely than not be tortured upon return to India. Singh testified that he was able to stay in a neighboring village with his grandparents for a month without being attacked, and country conditions evidence indicated that Mann Party members usually do not face physical violence. The IJ did not credit Singh's testimony that Congress Party members continued to inquire about him at his family's home after he left India. The agency therefore permissibly concluded that Singh was not eligible for CAT protection. *See id.* at 663.

**PETITION GRANTED AND REMANDED IN PART; DENIED IN PART.**

*Singh v. Garland*, No. 21-759

R. NELSON, Circuit Judge, concurring in part and dissenting in part:

I agree that substantial evidence supports the agency's conclusion that Singh did not establish that he would more likely than not be tortured upon return to India and is therefore ineligible for CAT relief. But unlike the majority, I would also deny the petition as to Singh's asylum and withholding of removal claims because substantial evidence supports the agency's conclusion that Singh was not attacked by members of the BJP or Congress parties.

The BIA adopted and affirmed the IJ's decision. The BIA specifically concluded that the IJ "did not clearly err in finding that the respondent's prior problems related to unknown private individuals and that the respondent did not establish that the attackers were members of the Congress and BJP parties."

The IJ identified several discrepancies in Singh's testimony related to the harm he experienced. Singh testified inconsistently about whether the alleged BJP-affiliated attackers used baseball bats and hockey sticks to attack him; testified inconsistently about whether the police officer with whom Singh spoke after the attack made derogatory remarks about the Sikh religion; was unable to properly identify the BJP party logo; was unable to explain how the alleged Congress Party attackers in the second attack knew who he was or that he was a member of the Mann party; and provided no plausible basis for his claim that his attackers would know

1

where he lived and continue to seek him out and harass his family after he left. Based on these inconsistencies, the IJ found that portions of Singh's testimony were not plausible and afforded his testimony only partial weight.

The majority concludes that the IJ "credited Singh's testimony that his attackers were members of those parties, thus concluding that 'Respondent has met his burden that [the harm he suffered] was on account of his political opinion.'" But finding that an individual was attacked because of his political opinions is not the same as finding that his attackers were members of a certain political party.

Indeed, the IJ found that the evidence "was not strong" that Singh was beaten by BJP party members and Congress Party members because he was a member of the Mann Party. The IJ said that "although this is a close issue, the Respondent has met his burden that this was on account of his political opinion." But the "this" does not automatically determine who did the attacking. From there, the IJ reasoned "that there's no evidence in this case showing that either the Congress Party or the BJP Party was a willing participant in these alleged attacks. There's no evidence that these individuals acted on behalf of the Congress Party or the BJP Party or the government of India. . . ." I understand the IJ here to state that there is no evidence that the Congress and BJP parties were involved because there was insufficient evidence that Singh's attackers were members of these parties in the first place. The record, even if unclear, does not compel another conclusion.

2

I thus disagree with the majority that the IJ "necessarily accepted" that Singh was beaten by party members. I similarly disagree that the BIA relied "on its own interpretation of the facts" when it determined that the IJ found Singh's attackers were unknown private individuals and not members of the Congress or BJP parties. "We review agency factual findings for substantial evidence" and will reverse only if the record compels the contrary conclusion. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021). "Evidence in the record compelling a contrary conclusion must be demonstrated 'with the degree of clarity necessary to permit reversal.'" *Id.* at 1179 (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (noting that review of agency findings under substantial evidence is "extremely deferential.").

Because I would find that substantial evidence supports the BIA's conclusion that Singh did not credibly assert that he was attacked by Congress or BJP party members, I would not apply *Kaur v. Wilkinson*, 986 F.3d 1216, 1228 (9th Cir. 2021) to this case. Substantial evidence supports the agency's conclusion that Singh was attacked by private individuals; I would deny the petition in its entirety.