NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SURINDER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-143

Agency No.
A097-586-573

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024[**]
San Francisco, California

Before: PAEZ, WALLACH,[***] and NGUYEN, Circuit Judges.

Surinder Singh ("Singh"), a 58-year-old native and citizen of India, petitions

for review of the Board of Immigration Appeals ("BIA") decision denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"A denial of a motion to reopen is reviewed for abuse of discretion." *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016)). "A decision is an abuse of discretion if it is 'arbitrary, irrational, or contrary to law.'" *Id*. at 892 (quoting *Bonilla*, 840 F.3d at 581).

To prevail on a motion to reopen based on changed country conditions, a petitioner must "(1) produce evidence that conditions have changed in the country of removal, (2) show that the evidence is material, (3) show that the evidence was unavailable and would not have been discovered or presented at the previous hearings, and (4) establish prima facie eligibility for the relief sought." *Singh v. Garland*, 46 F.4th 1117, 1121 (9th Cir. 2022); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

During his underlying proceedings, Singh sought asylum, withholding of removal, and Convention Against Torture relief on the basis of three instances of police harassment he suffered in India, due to a perceived affiliation with the Mann—also called the SADA—party. In 2007, an Immigration Judge ("IJ") found Singh "not worthy of credence" as to "anything . . . in his case," based on discrepancies in his testimony regarding his whereabouts and the alleged

2

mistreatment. In his motion to reopen, Singh alleges changed country conditions on the basis of the Bharatiya Janata Party's recent targeting of Mann party supporters. The BIA denied his motion to reopen, because Singh "has not submitted additional evidence to establish either his party membership or that individuals in his hometown have imputed political views to him," citing the IJ's adverse credibility determination. Singh argues the BIA erred in relying on this determination to deny his motion.[1]

On a motion to reopen, the BIA may not make credibility determinations and must credit evidence unless it is "inherently unbelievable." *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014)). Here, however, the IJ found Singh not credible as to "anything . . . in his case." IJs are permitted to "find that a witness who testified falsely about one thing is also not credible about other things." *Id*. (citing *Enying Li v. Holder*, 738 F.3d 1160, 1161–62 (9th Cir. 2013)). Because Singh's additional evidence is not "independent of the facts that formed the prior credibility finding,"

---

[1] We need not address the two other issues Singh raises on appeal: (1) whether the BIA abused its discretion in finding no changed circumstances; and (2) whether the BIA abused its discretion in finding Singh did not show that he is prima facie eligible for relief. The BIA did not make a separate finding as to these issues, and instead rested its finding on Singh's failure to "establish that he is a SADA party worker or that individuals in his hometown impute this status to him," *Navas v. I.N.S.*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely.").

the BIA did not abuse its discretion in denying Singh's motion. *See Singh*, 46

F.4th at 1122 (finding the BIA erred in denying a motion to reopen based on a

prior adverse credibility determination where the new, "independent," evidence

included, inter alia, "a letter from the Mann leader attesting to his membership in

the party, and a letter from his mother stating that the police were looking for

Singh").

**PETITION DENIED**.