**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SODHI SINGH,

               Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   18-70952

Agency No. A079-594-595

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

    Sodhi Singh, a native and citizen of India, petitions for review of the denial

of his motion to reopen (MTR) by the Board of Immigration Appeals (BIA). We

have jurisdiction under 8 U.S.C. § 1252. Because the BIA failed to apply the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

correct legal principles in its decision denying Singh's MTR, we grant the petition for review.

First, the BIA made inappropriate credibility determinations. *See Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) ("The BIA must . . . credit evidence supporting a motion to reopen unless that evidence is inherently unbelievable." (internal quotation marks omitted)); *Bhasin v. Gonzales*, 423 F.3d 977, 986 (9th Cir. 2005) (noting that the BIA may not make "credibility determinations on motions to reopen"). The BIA questioned the veracity of the declaration submitted by Singh's mother. But her declaration was not inherently unbelievable merely because she is an "interested party" or because Singh's father had previously submitted "a statement in support of [Singh's] frivolous asylum application." Similarly, the BIA improperly faulted Singh for failing to submit evidence to "substantiate[] [his] assertions" contained in his declaration without making a finding that the facts asserted in the declaration were inherently unbelievable. *See Bhasin*, 423 F.3d at 986–87; *Malty v. Ashcroft*, 381 F.3d 942, 946–47 (9th Cir. 2004) (noting that the BIA may not require the petitioner to submit evidence corroborating the facts asserted in the petitioner's own declaration).

Second, the BIA did not cite or discuss the expert declaration of Dr. Cynthia Mahmood, even though the declaration contains persuasive assertions that conditions have worsened in India and that Singh might be subject to persecution or torture if removed. *See Salim v. Lynch*, 831 F.3d 1133, 1140 (9th Cir. 2016) (explaining that the BIA must demonstrate in its written decision that it adequately considered all the evidence submitted by the petitioner). The BIA need not specifically address every piece of evidence, but it "must give reasoned consideration" to "highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). The BIA's conclusion that Singh "submitted no probative evidence that any authority in India is aware of his alleged political activities, and that such individual or group has the means, interest, and ability to persecute him as a result" is undermined by Dr. Mahmood's declaration. The BIA either ignored that evidence or failed to give it appropriate weight.

Finally, in questioning the veracity of Singh's evidence, the BIA improperly relied on the prior finding of frivolousness. The BIA may not rely on a prior adverse credibility finding to impugn the credibility of a petitioner on an MTR when the petitioner asserts facts different than those that contributed to the adverse credibility finding. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001); *see Shouchen Yang*, 822 F.3d at 507 (holding that the BIA cannot apply "the maxim

3

*falsus in uno, falsus in omnibus*—'false in one thing, false in everything'"—when considering an MTR).

In sum, the BIA abused its discretion by failing to apply the correct legal standards when it denied Singh's MTR. *See Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) ("The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'"). Accordingly, we grant the petition for review and remand to allow the BIA to reconsider Singh's MTR while applying the correct standards. We express no opinion on whether the BIA should ultimately grant Singh's MTR.

**PETITION GRANTED AND REMANDED.**