**Saloun OUM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73658.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 21, 2004.

Jerry Shapiro, Law Offices of Fuire & Shapiro, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Regina Byrd, Attorney, Patricia L. Buchanan, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Saloun Oum, a native and citizen of Cambodia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying Oum's motion to reopen to allow her to file a brief in support of her appeal from the immigration judge's denial of her application for asylum and withhold-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review in part, and dismiss it in part.

Because petitioner fails to address how the BIA abused its discretion by denying her motion to reopen, and instead challenges the BIA's underlying order dismissing petitioner's appeal for failure to timely file a brief, the petitioner has waived her challenge to the BIA's denial of her motion to reopen. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

We lack jurisdiction to review the BIA's final removal order dismissing petitioner's appeal because the petition for review of this underlying order is time-barred. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.