**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SALOUN OUM,

         Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

         Respondent.

No.   18-71051

Agency No. A075-500-918

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021**
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

     Petitioner Saloun Oum, a native and citizen of Cambodia, seeks review of

the decision of the Board of Immigration Appeals (Board) denying her motion to

reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252 to review final

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

orders of the Board denying motions to reopen proceedings. "We review denials of motions to reopen for abuse of discretion." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

In March 1999, the Immigration Judge (IJ) on the basis of an adverse credibility determination denied Oum's application for asylum and withholding of removal and granted Oum's request for voluntary departure. The IJ found that Oum "failed to credibly establish that she was a key political player in a political party opposed to the government of Cambodia." Oum appealed from the IJ's denial, and in April 2002, the Board summarily dismissed Oum's appeal. In May 2002, Oum filed her first motion to reopen, and in October 2002, the Board denied the motion. Oum petitioned our court to review the Board's October 2002 order, and in June 2004, our court denied Oum's petition. *Oum v. Ashcroft*, 101 F. App'x 703 (9th Cir. 2004). On November 2, 2017, Oum filed her second motion to reopen, citing changed conditions in Cambodia relating to political persecution.

The Board does not abuse its discretion when it denies a motion to reopen proceedings based on new evidence of changed country conditions relating to the persecution of a group when "it had already been conclusively determined that [the petitioner] was not" a member of the persecuted group. *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). Oum submitted evidence of changed country

2

conditions regarding political persecution in Cambodia and asserts that the "ruling party has targeted the political leadership of the political party [Oum] worked for." However, the IJ already found that Oum failed to establish credibly that "she was a key political player in a political party opposed to the government of Cambodia." The Board properly determined that the new evidence of political persecution in Cambodia was immaterial to Oum's claim because Oum failed to establish credibly her membership in the persecuted group.[1]

Oum cites *Shouchen Yang v. Lynch*, 822 F.3d 504 (9th Cir. 2016) for support, but the case is inapposite. *Id.* at 508 (holding that the Board may not determine that new evidence supporting a motion to reopen is incredible because the IJ previously made an adverse credibility determination). The Board did not dispute the credibility of Oum's new evidence of changed country conditions but instead concluded it was immaterial to her claim. *Shouchen Yang* is clearly distinguishable from this case.

Accordingly, Board did not abuse its discretion in denying Oum's second motion to reopen. The petition for review is **DENIED**.

---

[1] On appeal, Oum argues that the IJ did not make an explicit credibility finding; however, the IJ's adverse credibility determination is sufficiently clear. The record also indicates that Oum has previously conceded that the IJ issued an adverse credibility determination.