**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEHNOOSH ASHTARI,<br><br>                    Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    18-72355<br><br>Agency No. A055-198-566<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2021[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[***] District Judge.

Behnoosh Ashtari, a native and citizen of Iran, petitions for review of the

Board of Immigration Appeals's ("BIA") dismissal of Ashtari's appeal from an

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]        The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Ashtari sought relief from removal based on her religious beliefs. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, the BIA adopts and affirms the IJ's decision, we review both decisions. *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010). We review the agency's rulings on questions of law de novo and factual findings, including credibility determinations, for substantial evidence. *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019).

1.    Ashtari first challenges the IJ's adverse credibility determination. "Because credibility determinations are findings of fact by the IJ, they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (internal quotation marks and citation omitted). When determining whether a witness is credible, a factfinder must consider "the totality of circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (citation omitted). These factors include "demeanor, candor, responsiveness of the applicant or witness, the inherent plausibility of the applicant or witness's account, consistency between the applicant or witness's written and oral statements, internal consistency of each statement, and

consistency of statements with other evidence." *Id.* IJs must "provide specific and cogent reasons in support of an adverse credibility determination," and refer to particular instances in the record supporting their conclusions. *Id.* at 1044 (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)). The IJ did so here.

The IJ referred to his earlier determination that Ashtari had not testified credibly about her political activism in concluding that Ashtari's subsequent testimony about her conversion from Islam to Christianity was not credible. This was permissible under the *falsus in uno, falsus in omnibus* principle, which "allows a fact-finder to disbelieve a witness's entire testimony" if the witness makes material misrepresentations in one aspect of her testimony. *Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013); *cf. Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (explaining that on remand, an IJ "could apply the *falsus* maxim based on [the petitioner's] prior testimony and find that [the petitioner's] new story is not credible"). In addition, the IJ cited specific instances in which Ashtari's declaration and hearing testimony about her religious conversion were vague and evasive.[1] Therefore, the BIA did not

---

[1] Ashtari's argument that the IJ erred in doing so, based on *Grava v. INS*, 205 F.3d 1177 (9th Cir. 2000), is unpersuasive. In *Grava*, we held that a noncitizen "need not testify on his or her own behalf, except to swear the truth of the application [for asylum], and may rest on the application alone, subject to [DHS] examination at the hearing." *Id.* at 1180. The IJ did not make an adverse credibility finding merely because Ashtari had chosen not to testify on direct examination, nor did he commit the error *Grava* prohibits—refusing to admit the declaration of a non-testifying applicant for relief. *See id.* Instead, the IJ permissibly relied in part on Ashtari's

3

err in upholding the IJ's adverse credibility finding, which was supported by substantial evidence. *See Shrestha*, 590 F.3d at 1048.

It follows that the agency did not err in denying Ashtari's requests for asylum and withholding of removal, which were both based on Ashtari's assertion that she had converted to Christianity. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). Although the IJ noted that witness Hugo Gudino had testified that he knew Ashtari from their church, the IJ determined that his testimony did not establish that Ashtari had sincerely converted or that she would practice Christianity in Iran. Gudino admitted he did not know anything about Ashtari except that she served as a volunteer and he had not spoken with Ashtari about her religious beliefs. Absent credible testimony from Ashtari about her conversion, the record does not compel a contrary conclusion. *See Rizk*, 629 F.3d at 1087.

2.    In addition, Ashtari challenges the agency's denial of CAT protection. An adverse credibility determination does not necessarily defeat a CAT claim. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). But where a petitioner's CAT claim is based on "the same statements . . . that the BIA [or IJ] determined to be not credible," and there is no additional evidence in the record establishing that the petitioner would be tortured in the country of removal, the agency may reject the

---

lack of responsiveness on cross-examination in determining Ashtari's account of her religious conversion was not credible.

4

CAT claim as well. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). In other words, when the agency determines that a petitioner was not a credible witness and discredits her testimony, the other evidence alone must compel the conclusion that the petitioner is more likely than not to be tortured. *Shrestha*, 590 F.3d at 1048–49. Here, because the record evidence alone does not compel the conclusion that Ashtari would be tortured in Iran, the agency did not err in denying Ashtari relief under CAT. *Id.*

3. Ashtari further contends that the IJ abused his discretion by denying Ashtari's motion to continue the proceedings. We review an IJ's denial of a continuance for abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). In *Matter of Hashmi*, the BIA articulated five non-exclusive factors that an IJ should consider in determining whether to continue proceedings to allow a noncitizen to apply for adjustment of status. *See* 24 I. & N. Dec. 785, 790 (BIA 2009); *see also Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011). Because the IJ properly stated and applied these factors, the IJ did not abuse his discretion in denying a continuance. *See Arrey*, 916 F.3d at 1158.

4. Finally, to the extent Ashtari's brief raises an argument that her removal proceedings violated due process, she fails to identify a specific error and similarly fails to demonstrate how any such error prevented her from fully presenting her case. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (explaining that the court

"will reverse the BIA's decision on due process grounds if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case'") (citation omitted).

**PETITION DENIED.**